IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA MARIE HORTON | : |
| | : CIVIL ACTION NO.  12-2072 |
| Plaintiff | : |
| v. | : |
| | : |
| TRANS UNION, LLC, et al. | : |
| | : |
| Defendants | : |

## MOTION TO DISMISS

Defendant, CreditOne, LLC ("CreditOne"), Defendant, CreditOne, LLC ("CreditOne"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the claims brought against it by the Plaintiff, Sheila Marie Horton.

As explained in detail in CreditOne's supporting memorandum, which CreditOne incorporates herein by reference, the Plaintiff's claims should be dismissed because they fail to meet the applicable pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure and therefore fail to give CreditOne notice of the grounds upon which they rest.

WHEREFORE, for the foregoing reasons, and for the reasons contained in the memorandum in support of this motion, CreditOne, LLC respectfully requests that the Court grant this motion and dismiss the claims brought against it by the Plaintiff.

Respectfully submitted,

/s/Ron Z. Opher
Ron Z. Opher, Esquire (57507)
rzo@ron4law.com
P.O. Box 2245
Southeastern, PA 19399
(610) 902-0530
Attorney for Defendant, CreditOne, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, each of whom has consented to electronic service. The foregoing is available for viewing and downloading via the CM/ECF system.

/s/Ron Z. Opher
Ron Z. Opher, Esquire (57507)
rzo@ron4law.com
P.O. Box 2245
Southeastern, PA 19399
(610) 902-0530

Attorney for Defendant, CreditOne, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA MARIE HORTON | : |
| | : |
| | : CIVIL ACTION NO.  12-2072 |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| TRANS UNION, LLC, et al. | : |
| | : |
| Defendants | : |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, CreditOne, LLC ("CreditOne"), through its undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss the claims brought against it by the Plaintiff, Sheila Marie Horton, in her Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.      Introduction and Factual Background**

The Plaintiff filed this suit against Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Service, LLC, Security Services, LLC and CreditOne alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.[1] The Complaint, however, states legal conclusions and fails to allege facts sufficient to support such conclusions.  For example, the Plaintiff asserts: "CreditOne . . . failed to conduct timely and reasonable investigations of Plaintiff's disputes;"[2] "Plaintiff is a 'consumer' as defined by 15 U.S.C. §

---

1      Complaint at 1.

2      *Id*. at ¶ 18.

1692a(3) of the FDCPA;"[3] and "Any alleged debts at issue arose out of a transaction which was primarily for personal, family, or household purposes."[4]  Clearly, these legal conclusions couched as factual assertions are entitled to no assumption of truth and should not serve as a basis to support the Plaintiff's claims.

For these reasons and those set forth more fully below, CreditOne respectfully requests that its motion to dismiss be granted.  If the Plaintiff can, within the bounds of Rule 11, formulate factual allegations to support any of her claims, then she may re-plead accordingly.  If she cannot, then the baseless claims should be dismissed.

## II.     Law and Argument

### A.     Standard under Rule 12(b)(6)

Rule 12(b)(6) provides that, in response to a claim for relief, the pleader may raise by motion the defense of "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  In reviewing a Rule 12(b)(6) motion, the factual allegations in the pleadings are taken as true; however, the court may "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster TP*, 629 F.3d 121 (3d Cir. 2010), (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In order to state a valid cause of action, the plaintiff must provide factual grounds for relief that "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 355.  Conclusory allegations and a "formulaic recitation of the elements of a cause of action" will not prevent dismissal. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[3]     *Id*. at ¶ 35.

[4]     *Id*. at ¶ 37.

In addition, the standards set forth in *Twombly* are clearly applicable beyond antitrust cases, as the Supreme Court noted in *Iqbal*, which was a discrimination case – "because *Twombly* interpreted and applied Rule 8, which in turn governs the pleading standard 'in all civil actions.'" *See Iqbal*, 556 U.S. at 664, quoting *Twombly*, 550 U.S. at 555-556/

In determining the sufficiency of a complaint, courts apply a three-part test: First, the court must "take note of the elements a plaintiff must plead to state a claim." *Santiago*, 629 F.3d at 130. Second, the court should identify allegations that "are no more than conclusions," and thus are not entitled to the assumption of truth. *Id*. Finally, the Court should assume the veracity of any "well-pleaded factual allegations" and determine whether they "plausibly give rise to an entitlement for relief." *Id*.

'Facial plausibility' is further defined as occurring "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct allaged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

### B.     The Plaintiff fails to state a claim against CreditOne under the FCRA.

In her Complaint, the Plaintiff asserts - in a conclusory manner devoid of specifics - that CreditOne "failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, ha[s] willfully continued to report such inaccurate information to various credit reporting agencies, and ha[s] failed to mark the above accounts as disputed."[5] These allegations merely parrot the legal elements of a claim under the FCRA and are not entitled to the assumption of truth.[6] *See*

---

[5]     Complaint at ¶ 18.

[6]     In order to state a claim against a furnisher of information under the FCRA, a plaintiff must establish that (1) she notified a credit reporting agency of the dispute; (2) the credit reporting agency notified the furnisher of information of the dispute; and (3) the furnisher of

*Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Moreover, there are no "well-pleaded" factual allegations elsewhere in the Complaint that support the Plaintiff's conclusory FCRA claim against CreditOne.  No specifics about her alleged disputes are provided, and the Plaintiff does not plead any specific facts that could call into question the reasonableness of any investigation.  Without "further factual enhancement, [the Complaint] stops short of the line between possibility and plausibility of 'entitlement to relief,'"[7] and thus, the claims against CreditOne should be dismissed.

### C. The Plaintiff's FDCPA claim is also deficient.

In similar fashion to the Plaintiff's attempted claim under the FCRA, the Complaint merely recites the legal elements of a claim under the FDCPA and makes naked assertions that each element is met.[8]  Indeed, the Complaint does not contain a single non-conclusory factual allegation to support the Plaintiff's FDCPA claim.

In reality, the Complaint fails to adequately allege a violation of the FDCPA because it fails to state any facts unique to CreditOne's handling of Plaintiff's debt(s).  The Complaint simply lists an array of conclusory allegations and then asserts that CreditOne "violated the FDCPA . . . as evidenced by the following conduct," before listing four provisions of the

---

information failed to investigate or rectify the disputed charge. *Vassalotti v. Wells Fargo Bank, N.A.*, 815 F.Supp. 2d 856, 863-64 (E.D. Pa. Sept. 22, 2011).

[7]     *Twombly*, 550 U.S. at 557.

[8]     To state a claim under the FDCPA, a plaintiff must establish that (1) she is a "consumer"; (2) the "debt" arose out of a transaction that was entered into "primarily for personal, family or household purposes"; (3) the defendant is a "debt collector"; (4) the defendant has violated a

FDCPA.[9]  As this Court stated in *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F.Supp.2d 753, 769-70 (E.D. Pa. Feb. 28, 2012), a plaintiff does not provide a defendant with the type of notice of a claim that is contemplated by Rule 8 "by propounding a mass of factual allegations and then enumerating a laundry list of statutory provisions that a defendant allegedly violated." Instead, "they must link each alleged violation of the FDCPA to the predicate factual allegations giving rise to the violations in order to state a claim under Fed.R.Civ.P. 8. *Kimmel*, 847 F.Supp.2d at 770.

Moreover, CreditOne can conceive of no set of facts that could be alleged by the Plaintiff to support the allegation that the debt at issue arose from a transaction entered into "primarily for personal, family, or household purposes"[10] in light of Plaintiff's further assertion that the account was "opened as a result of identity theft."[11] By her own allegation, the Plaintiff does not, and could not, have knowledge as to the nature or purpose of the purchases made on the account.

Consequently, the Plaintiff has not, and cannot, assert facts sufficient to establish the essential elements of her FDCPA claim.

### III.  Conclusion

For all of the aforementioned reasons, CreditOne respectfully requests that the Court dismiss the claims brought against it by the Plaintiff.

---

provision of the FDCPA; and (5) that she was harmed by the violation.  *Perry v. Oxford Law, LLC*, 2012 WL 3731802 (E.D. Pa. Aug. 29, 2012).

[9]  Complaint at ¶ 38.

[10]  *Id*. at 37.

[11]  *Id*. at ¶ 11.  See also *Anderson v. AFNI, Inc*., 10-4064 (E.D. Pa. May 11, 2011); 2011 WL 1808779

          Respectfully submitted,

          /s/Ron Z. Opher_____
          Ron Z. Opher, Esquire (57507)
          rzo@ron4law.com
          P.O. Box 2245
          Southeastern, PA 19399
          (610) 902-0530

          Attorney for Defendant, CreditOne, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, each of whom has consented to electronic service. The foregoing is available for viewing and downloading via the CM/ECF system.

          /s/Ron Z. Opher_____
          Ron Z. Opher, Esquire (57507)
          rzo@ron4law.com
          P.O. Box 2245
          Southeastern, PA 19399
          (610) 902-0530

          Attorney for Defendant, CreditOne, LLC